UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

GAIL KLEEBERG,

PLAINTIFF,

-against-

REEDS JEWELERS OF NIAGARA FALLS INC.,

DEFENDANT.

Index No.:

**VERIFIED COMPLAINT**
**JURY TRIAL DEMANDED**

Plaintiff, Gail Kleeberg ("Plaintiff") by counsel, Sanders & Sanders, complains as follows against Defendant Reeds Jewelers of Niagara Falls, Inc.("Defendant") :

## NATURE OF COMPLAINT

1. This is a proceeding for declarative relief and damages for violations of Plaintiff's rights under the Age Discrimination in Employment Act ("ADEA") and New York Human Rights Law ("HRL"). Plaintiff contends Defendant has intentionally discriminated against her because of her age by subjecting her to discriminatory terms and conditions of employment, including differential treatment, and termination based on her age.

## JURISDICTION AND VENUE

2. This court has original jurisdiction pursuant to 28 U.S.C. § 1331 and § 1343 (4), as this case asserts rights under the ADEA.

3. This court has supplemental jurisdiction pursuant to 28 U.S.C. §1367(a).

4. Venue is proper under 28 U.S.C. §1391(b).

5. Plaintiff has exhausted all administrative remedies, by filing a complaint with the Equal Employment Opportunity Commission on or about August 3, 2024 (**Exh. 1** hereto) and being notified of her Right to Sue by notice dated February 26, 2025 (**Exh. 2** hereto).

## PARTIES

6. Plaintiff Gail Kleeberg has been a resident of New York State at all relevant times hereto. She is over the age of 40 and a member of the protected class under ADEA.

7. Upon information and belief, Defendant Reeds Jewelers of Niagara Falls, Inc. sells jewelry and other luxury products in Western New York. Defendant is headquartered at 150 Creekside Drive, Amherst, New York, 14228.

## BACKGROUND

8. Plaintiff began her career with Jenss Department Store ("Jenss") in 1974 and she had worked there for nearly fifty years. In 2022 and 2023, Plaintiff was the top seller for Jenss, earning the most commissions those years of any employee. At the end of her employment, Plaintiff's title was Giftware Manager and her duties included managing the retail and inventory of Jenss.

9. In December 2023, Jenss was acquired by Jeffrey Zimmer, the owner of Reeds. Both businesses were already in the same building and employees of each worked in the same space. Mr. Zimmer had acknowledged to Plaintiff that she was the best salesperson at Jenss. Even though she was paid a salary, he commented that she "worked too many hours and sold too much."

10. The transaction was not clearly described to the employees. All the employees knew was that Mr. Zimmer was now in charge. The transaction was described in a December 11, 2023 Business First article as a transaction of Reeds acquiring the assets of Jenss. More recent articles describe it as a merger and discuss the business is continuing after the two companies became one. Prior to the purchase, Reeds and Jenss shared commercial space since 2002.

11. On December 31, 2023, Plaintiff accepted a full-time position with Reeds Jenss as a Giftware Manager at the Maple Road, Amherst location. This was consistent with almost all of Jenss workers becoming Reeds employees at that time.

12. Although Reeds had some different procedures, and trained other former Jenss employees about those procedures, Plaintiff was not trained. When she asked questions, the General Manager, Ali Malik, was very impatient about her questions.

**AGE DISCRIMINATION**

13. Plaintiff was subjected to discrimination based on her age in connection with her employment with Defendant, including as set forth herein.

14. Plaintiff was terminated by Defendant due to her age.

15. On one afternoon in February of 2024, Kris Weyand, the management personnel Plaintiff had most contact with, told Plaintiff to physically move and reorganize stock displays and merchandise. This work had previously been outsourced in the joint Reeds/Jenss business space. Plaintiff understood that Ms. Weyand did not do anything without the approval of Mr. Zimmer.

16. This change in duty was not done at Plaintiff's volition. This was also not a task that could reliably be delegated to a subordinate.

17. The delicate nature of the merchandise being stocked as well as their retail price required painstaking care when being moved, to assure no value of the merchandise is lost. Often this requires packaging the merchandise up before moving them, which adds difficulty and physical strain into the task.

18. The movement from merchandise off of the retail floor into storage into the stock room also required moving up and down one floor to another, adding even more to the difficulty and physical demand of the task.

19. There was no advanced notice given to Plaintiff that she would be doing physical labor that day. It was a large project to finish, and difficult to complete.

20. The next day, Ms. Weyand told her she needed to move two more galleries into storage to accommodate the construction. During this time Plaintiff had at most only one other worker assisting her in this arduous task, and even then her colleague had his own work to do, so his help was limited.

21. This was outside the scope of Plaintiff's usual job duties throughout her time at Jenss including throughout the two decades Defendant and Jenss shared the same retail space. This type of work was usually outsourced.

22. Plaintiff had a hip replacement surgery two years prior. This was known to Mr. Zimmer. Nevertheless, she was assigned these duties.

23. While moving the boxes and engaging in physical activity outside of her scope of duties, Plaintiff experienced an injury to her replaced hip. Plaintiff sought out her own medical attention.

24. Plaintiff was hardworking and very dedicated to Defendant, and attempted to complete the duties to the best of her ability, despite her injured left hip.

25. Upon information and belief, Plaintiff contends assigning this project to her, without advanced notice and knowing she had had hip replacement surgery just two years earlier was deliberately done to make her work environment unpleasant, hoping she might quit.

26. Throughout her time working at Jenss or Reeds, she was never told she had any employment issues, she was never disciplined or written up.

27. Mr. Zimmer was well aware there would be some adjustment with incorporating the giftware. Mr. Zimmer and Ms. Weyand both said, in words or substance, "we don't know what the f--- we're doing" with respect to giftware.

28. Plaintiff attended the daily meeting at Reeds, followed instructions given to her and she did her best to learn the Reeds systems. There is no record that she had any issues with Reeds staff.

29. On or about March 1, 2024, Plaintiff was called into a meeting with Mr. Zimmer and she was terminated from her position. She asked Mr. Zimmer for the reason for the termination. He refused to give a reason, just saying “it’s done.”

30. Defendant then told customers who inquired about Plaintiff’s termination that she had retired. This was not the case. Plaintiff had no plans to retire and when Mr. Zimmer suggested to her that she could characterize the termination as a retirement, she responded by saying “why would I do that, I didn’t retire.”

31. After her termination, many of Plaintiff’s duties were assumed by Kayleigh McCormick, who was 23 at the time, and did not have the same level of experience or credentials compared to Plaintiff. After Plaintiff’s termination, Reeds gave the remainder of her duties to employees Reeds has outside the ADEA’s protected class.

**FIRST CAUSE OF ACTION –**
**AGE DISCRIMINATION IN VIOLATION OF ADEA**

32. Plaintiff repeats and realleges every allegation in paragraphs 1 through 30 of this Complaint with the same force and effect as though fully set forth herein.

33. Plaintiff has been discriminated against by Defendant on the basis of age in violation of the ADEA, through a course of conduct of specifically subjecting Plaintiff to disparate treatment in intentionally discriminating against her because of her age.

34. Plaintiff has been discriminated against by Defendant on the basis of age in violation of the ADEA, through a course of conduct of specifically subjecting Plaintiff to retaliation in intentionally discriminating against her because of her age.

35. As a direct result of Defendant's age discrimination against Plaintiff, Plaintiff has lost her employment, past and future wages, bonuses and other employment benefits, other incidental and consequential damages and expenses.

36. Defendant's conduct was done in a willful manner. Therefore, Plaintiff is entitled to an award of liquidated damages.

**SECOND CAUSE OF ACTION –**
**DISCRIMINATION IN VIOLATION OF NEW YORK HRL**

37. Plaintiff repeats and realleges every allegation in paragraphs 1 through 35 of this Complaint with the same force and effect as though fully set forth herein.

38. At all relevant times, herein, Plaintiff was an employee within the meaning of New York HRL.

39. Defendant engaged in a pattern and practice of discrimination against Plaintiff on the basis of age in violation of the New York HRL by subjecting Plaintiff to disparate treatment as set forth above, which included discriminatory terms and conditions of employment.

40. As a direct result of the Defendant's acts against Plaintiff, Plaintiff has lost her employment, past and future wages, and other employment benefits and has suffered damage to her reputation and severe and lasting embarrassment, humiliation and anguish, and other incidental and consequential damages and expenses.

41. Defendant's discriminatory conduct was willful. Therefore, Plaintiff is entitled to an award of punitive damages.

WHEREFORE, Plaintiff requests relief as hereinafter provided:

a) Empanel a jury to hear Plaintiff's complaint;

b) Enter judgement declaring the acts and practices of Defendant to be in violation of the laws of the United States of New York;

c) Issue a permanent injunction ordering Defendant to cease and desist from engaging in the illegal and unlawful acts and practices described herein;

d) Award Plaintiff the amount of wages, including fringe benefits, lost as a result of Defendant's discrimination;

e) Award Plaintiff consequential damages for losses resulting from Defendant's discrimination;

f) Award Plaintiff compensatory damages for losses resulting from Defendant's discrimination;

g) Award Plaintiff liquidated damages;

h) Award Plaintiff punitive damages;

i) Award Plaintiff the cost of this action, together with interest and reasonable attorney's fees.

Dated: Cheektowaga, New York
April 18, 2025

Harvey P. Sanders, Esq.
SANDERS & SANDERS
*Attorneys for Plaintiff*
401 Maryvale Drive
Cheektowaga, NY 14225
716-839-1489

VERIFICATION

State of New York )
County of Erie ) SS:

Gail Kleeberg, being duly sworn, deposes and says that he is the Plaintiff herein; that she has read the foregoing Verified Complaint and knows the contents thereof; that the same is true of her own knowledge except as to the matters therein stated on information and belief; and that as to those matters, she believes the same to be true.

Gail R Kleeberg
Gail Kleeberg

Subscribed and sworn to before me
this 18 day of April 2025

Sharon Aikens Dzierba
Notary Public

SHARON AIKENS DZIERBA
NOTARY PUBLIC STATE OF NEW YORK
ERIE COUNTY
LIC. #01DZ6234961
COMM. EXP. 1/31/2027